Correction Page: *State v. Nakai*, No. 31,955-VVzS (filed 6/7/12): Page 1, line 10: Deleted "William A. O'Connell, Assistant Attorney General"

This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

**v.**                                                             **No. 31,955**

**GARRICK NAKAI,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Garrick Nakai (Defendant) appeals from the district court's judgment and sentence, convicting him after a jury trial of DWI (.08 or above). [RP 106] Defendant raises two issues on appeal, contending that the State did not present sufficient evidence to obtain a guilty verdict from the jury, and the district court erred in denying Defendant's motion for a directed verdict because the State failed to establish that Defendant drove while under the influence at the time of arrest. [DS 2-3]. The calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

We address both issues raised in this appeal as a challenge to the sufficiency of the evidence. *See State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993) ("The question presented by a directed verdict motion is whether there was substantial evidence to support the charge."). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. It is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.

The jury instructions provide that in order for the jury to find Defendant guilty of driving while under the influence of intoxicating liquor and/or drugs with a blood or breath alcohol concentration of .08 or more, the State must prove to the satisfaction of the jury beyond a reasonable doubt each of the following elements of the crime: (1) Defendant operated a motor vehicle; (2) within three hours of driving, Defendant had an alcohol concentration of .08 grams or more in one hundred milliliters of blood and the alcohol concentration resulted from alcohol consumed before or while driving the vehicle; and (3) this happened in New Mexico on or about June 8, 2011. [RP 91]

The jury was further instructed that a person is "operating" a motor vehicle if the person is driving the motor vehicle or in actual physical control of the vehicle whether or not the vehicle is moving. [RP 92] The jury was also instructed that the State must show that Defendant was in "actual physical control of the vehicle" and that Defendant intended to drive the vehicle, thereby posing a real danger to himself or the public. [RP 93] In making this determination, the jury was instructed that it should consider the totality of the circumstances shown by the evidence, including whether the vehicle was running; whether the ignition was in the "on" position; where the ignition key was located; where and in what position the person was found in the vehicle; whether the person was awake or asleep; whether the vehicle's headlights were on; where the vehicle was stopped; whether the driver had pulled voluntarily off the road; the time of day; the weather conditions; whether the heater or air conditioner

3

was on; whether the windows were up or down; whether the vehicle was operable; and any explanation of the circumstance shown by the evidence. [RP 93] The jury was also instructed that they should examine all the available evidence in its totality and weigh its credibility in determining whether Defendant was simply using the vehicle as stationary shelter or actually posed a threat to the public by the exercise of actual physical control over the vehicle while impaired. [RP 93]

The State presented the testimony of an officer of the San Juan County Sheriff's Department (the officer), who had been dispatched to the scene. [DS 3] The officer testified that dispatch had advised that there was a male in a white van that was denied the sale of alcohol and was still in the parking lot, attempting to have other customers purchase alcohol for him. [DS 1; RP 52 , 10:27:19-33] When the officer arrived, he observed a male in the driver's seat of the only white van that was in the parking lot of the gas station. [RP 52, 10:27:59; 53, 10:40:47 AM] The officer approached the male in the white van to question him about the information he had been provided from dispatch. [DS 1; RP 52, 10:40:22] The male identified himself as Defendant [DS 1]; Defendant was holding the keys to the van [RP 59, 1:49:45 PM]; the officer smelled alcohol coming from Defendant and observed that Defendant had red bloodshot watery eyes [RP 53, 10:40:57 AM; RP 53, 10:42:45 AM]; the officer observed open beer cans in the vehicle [RP 53, 10:42:22 AM]; and the officer asked Defendant to exit the vehicle. [DS 1] The officer asked Defendant how many beers

4

he had had that day and Defendant initially advised two beers, and later stated that he had had "a lot." [RP 61, 1:58:39 PM] Defendant also admitted to driving to the gas station and arriving there about ten minutes before the officer had arrived. [RP 61, 1:58:57 PM] The officer knew from dispatch that Defendant had been denied the sale of alcohol, and Defendant admitted he was asking others in the parking lot to purchase it for him. [DS1; RP 53, 10:41:22 AM] Defendant also admitted that he drove to the gas station and that he intended to drive home. [RP 74, 3:48:07 PM] The officer administered standard field sobriety tests that Defendant could not perform, and in some instances, Defendant kept falling. [RP 54, 10:49:51 AM - 10:58:49 AM] Defendant provided a breath sample that yielded a result of .200 BAC. [DS 1] Defendant was arrested and taken to the regional medical center for a blood draw that yielded results of .19 grams/100ml. [DS 1-2]

In the memorandum, Defendant continues to point out that the officer never saw the car in motion and the "car was not running" when he approached Defendant. [MIO 1] He also continues to argue that there was insufficient evidence to show that Defendant drove to the gas station impaired by alcohol. [MIO 3] He also acknowledges, however, that there was some evidence that Defendant had driven to the gas station but insufficient evidence that he was impaired while doing so, because Defendant may have drunk the beers after he got there. [Id.] Defendant argues that the State did not sufficiently show that he was physically in control of the vehicle or

5

that he intended to drive from the gas station. [MIO 4-5] Defendant also argues, however, that "[w]hile a few factors tend to show [Defendant] was in physical control and lead to a tenuous inference he intended to drive, the vast weight of evidence (or lack thereof) militates against such a finding." [MIO 5] These are the same contentions Defendant raised in the docketing statement. We are not persuaded.

*State v. Sims* presented the same scenario as in this case: an officer arrives on the scene and the vehicle is not in motion. 2010-NMSC-027, ¶ 10, 148 N.M. 330, 236 P.3d 642. Thus, the officer has not observed any impaired driving. The officer, however, is allowed to investigate and arrest for DWI, as long as, under the totality of the circumstances, the driver's physical condition demonstrates to the fact finder that the defendant is under the influence and he intends to drive: "A totality of the circumstances test must prove what defendants have done and what they intend to do, not merely what they might do." *Id.* ¶ 38; *see also State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (recognizing that "[a]n officer does not have to observe a suspect actually driving in an impaired manner if the officer, based upon all the facts and circumstances, has 'reasonable grounds to believe that Defendant had been driving while intoxicated'" (citing *State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117)).

In this case, the State presented evidence that Defendant admitted to driving to the gas station and arriving about ten minutes before the officer. There were open

6

containers of beer in the vehicle. Defendant initially admitted to drinking two beers and then to drinking "a lot." The officer knew from dispatch that Defendant had been refused the sale of alcohol at the gas station, and Defendant admitted he was soliciting others to buy it for him. Defendant admitted he intended to drive home. Defendant was holding the keys and getting into the driver's seat of the van. The van was operable, as it had arrived at the gas station within ten minutes of the officer's arrival. The jury could reasonably infer from these facts that when Defendant arrived at the gas station, he was denied the sale of alcohol because he was already under the influence. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that the jury is free to reject Defendant's version of the facts). The jury could also conclude, based on the totality of the circumstances presented by the State at trial, that Defendant had driven and intended to drive the vehicle while under the influence and impaired by alcohol, which presented a danger to himself and the public.

We hold, therefore, that the district court did not err in denying Defendant's request for a directed verdict, and we hold that the State presented substantial

evidence to support Defendant's conviction.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**